

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*

*Brooklyn, New York 11201*

September 29, 2011

**BY ECF AND COURTESY COPY**

Honorable I. Leo Glasser
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:  United States v. Dmitriy Yakovlev
             Criminal Docket No. 09-CR-587(S-2)

Dear Judge Glasser:

    The undersigned Assistant United States Attorney represents the United States of America in connection with the forfeiture aspect of this case. In accordance with Rules 32.2 and 36 of the Federal Rules of Criminal Procedure, the government respectfully requests that the court issue a decision on the government's request for forfeiture (see Docket Nos. 218 and 218-1), execute the proposed Preliminary Order of Forfeiture, and attach the signed forfeiture order to the judgment.

    At sentencing on September 15, 2011, Your Honor ordered restitution in the amount of $432,050.74 to be paid towards the victims' estates. However, forfeiture was not addressed at sentencing. The proposed preliminary order of forfeiture submitted on September 9, 2011, provides for the forfeiture of a number of watches and other items seized from the defendant, along with a forfeiture money judgment in the same amount as the ordered restitution.

    Although defendants and victims cannot compel the transfer of forfeited property to pay a defendant's restitution obligations, the use of forfeited funds for restitution may be appropriate where victims have no other recourse to restitution. If the proposed forfeiture order is entered and attached to the defendant's judgment, the United States Attorney's Office may proceed under 21 U.S.C. § 853(i)(1) once the forfeiture is final and apply to have the proceeds from the sale of the watches applied to the defendant's restitution obligation, thereby affording the victims some recovery if they have no other recourse. If the government cannot forfeit the watches under the proposed forfeiture order and administrative forfeiture is not available as an alternative, the watches and other items must be returned to the defendant.

Page 2

     Although the proposed forfeiture was not ruled on at the sentencing proceeding on September 15, 2011, the defendant has long been on notice of its inclusion in this case. Indeed, a forfeiture allegation was included in the indictment in this case. In addition, defense counsel was served electronically with the government's proposed Preliminary Order of Forfeiture and brief, to which no objection was made. Accordingly, the government requests that the court decide the forfeiture issue, execute the proposed Preliminary Order of Forfeiture and attach the signed order to the defendant's judgment.

     We appreciate the Court's time and attention to this matter.

                            Respectfully submitted,

                            LORETTA E. LYNCH
                            United States Attorney
                            Eastern District of New York

              By:   /s/ *Charles P. Kelly*
                    Charles P. Kelly
                    Karen Hennigan
                    Assistant U.S. Attorneys
                  (718) 254-6254

Enclosure

cc:   James D. Gatta, AUSA (via ECF)

     Alex Grosshtern, Esq.
     Attorney for Defendant (via ECF)