# UNITED STATES DISTRICT COURT

**EASTERN** District of **NEW YORK**

UNITED STATES OF AMERICA  )  **JUDGMENT IN A CRIMINAL CASE**
v.  )
**DMITRIY YAKLOVEV**  )

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ NOV 28 2011 ★
BROOKLYN OFFICE

Case Number: 09CR587(S-2)-01(ILG)
USM Number: 77482-053

Michael Gold, Esq.
Defendant's Attorney

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
  which was accepted by the court.

☒ was found guilty on count(s)  1, 2, 3, 4  5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 of the Second Superseding Indictment
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1344 AND 1349 | BANK FRAUD CONSPIRACY | 11/2004 | 1ss |
| 18 U.S.C. § 1344 | BANK FRAUD | 11/2004 | 2ss |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s)  **Underlying Indictment**  ☒ is  ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**SEPTEMBER 15, 2011**
Date of Imposition of Judgment

S/ILG
Signature of Judge

**I. LEO GLASSER, SENIOR DISTRICT JUDGE**
Name and Title of Judge

**OCTOBER 4, 2011**
Date

DEFENDANT: **DMITRIY YAKOVLEV**
CASE NUMBER: **09CR587(S-2) -01(ILG)**

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1029 (a) (2) AND ( c ) (1) (A) (i) | USE OF UNAUTHORIZED ACCESS DEVICES | 01/2006 | 3ss |
| 18 U.S.C.§§ 1029 (a) (5) AND ( c ) (1) (A) (ii) | EFFECTING FRAUDULENT TRANSACTIONS | 01/2006 | 4ss |
| 18 U.S.C. § 1344 | BANK FRAUD | 01/2006 | 5ss |
| 18 U.S.C. 1028 (a) (7), (b) (1) (D), (b) (3) (B) AND ( c ) (3) (A) | FRAUDULENT USE OF IDENTIFICATION | 01/2006 | 6ss |
| 18 U.S.C. §§ 1028 A (a) (1), (b), ( c ) (4) AND ( c ) (5) | AGGRAVATED IDENTITY THEFT | 01/2006 | 7ss |
| 18 U.S.C. §§ 1029(a) (5), (b) (2), ( c ) (1) (A) (I), ( c ) (1) (A) (ii) | CONSPIRACY TO USE UNAUTHORIZED ACCESS DEVICE AND EFFECT TRANSACTIONS | 11/2007 | 8ss |
| 18 U.S.C. §§ 1029 (a) (2) AND ( c ) (1) (A) (i) | USE OF UNAUTHORIZED ACCESS DEVICES | 11/2007 | 9ss |
| 18 U.S.C.§§ 1029 (a) (5) AND ( c ) (1) (A) (ii) | EFFECTING FRAUDULENT TRANSACTIONS | 01/2007 | 10ss |
| 18 U.S.C. §§ 1344 AND 1349 | BANK FRAUD CONSPIRACY | 11/2007 | 11ss |
| 18 U.S.C. § 1344 | BANK FRAUD | 11/2007 | 12ss |
| 18 U.S.C. §§ 1028 (f), (b) (1) (D), (b) (3) (B) AND ( c ) (3) (A) | CONSPIRACY TO FRAUDULENTLY USE IDENTIFICATION | 11/2007 | 13ss |
| 18 U.S.C. 1028 (a) (7), (b) (1) (D), (b) (3) (B) AND ( c ) (3) (A) | FRAUDULENT USE OF IDENTIFICATION | 11/2007 | 14ss |
| 18 U.S. C. (a) (1), (b), ( c ) (4) AND ( c ) (5) | AGGRAVATED IDENTITY THEFT | 11/2007 | 15ss |

DEFENDANT: **DMITRIY YAKOVLEV**
CASE NUMBER: **09CR587(S-2)-01(ILG)**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**EIGHTY SEVEN (87) months on counts 1-5 & 8-12; ONE HUNDRED AND FOUR (104) months on counts 6, 13 & 14; and TWENTY FOUR (24) months on counts 7 & 15.**

Terms of imprisonment imposed on counts 1-5, 8-12 to run concurrent to each other for a total of EIGHTY SEVEN (87) months. Terms of imprisonment imposed on counts 6, 13 and 14 to run consecutive to each other for a total THREE HUNDRED AND TWELVE (312) months and concurrent to the term imposed on counts 1-5 & 8-12. Term of imprisonment imposed on 7 and 15 to run consecutive to each other for a total of FORTY EIGHT (48) months and consecutive to the THREE HUNDRED AND TWELVE (312) months for a total of THREE HUNDRED AND SIXTY (360) months.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: **DMITRIY YAKOVLEV**
CASE NUMBER: **09CR587(S-2)-01(ILG)**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

As to Counts 1, 2, 5, 11, and 12, FIVE (5) YEARS. As to Counts 3, 4, 8, 9 and 10, THREE (3) YEARS. As to Counts 6, 13 and 14, THREE (3) YEARS. As to Counts 7 and 15 ONE (1) YEAR. The total term of Supervised Release on all counts is FIVE (5) YEARS.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

- ☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

- ☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

- ☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

- ☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment, or if such prior notification is not possible, then within forty eight hours after such change;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: **DMITRIY YAKOVLEV**
CASE NUMBER: **09CR587(S-2)-01(ILG)**

# SPECIAL CONDITIONS OF SUPERVISION

- The Defendant MUST provide full financial disclosure to the Probation Department when requested.

- The Defendant is obliged and directed to inform the Probation Department and the United States Attorney should there be some change in his financial ability.

AO 245B    (Rev. 05/11-NYEP) Judgment in a Criminal Case
Sheet 3C - Supervised Release

Case 1:09-cr-00587-ILG   Document 235   Filed 11/28/11   Page 5 of 14 PageID #: 1789

Judgment—Page 5 of 7

DEFENDANT: **DMITRIY YAKOVLEV**
CASE NUMBER: **09CR587(S-2)-01(ILG)**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 1,500 | $ N/A | $ 432,050.74 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

**TOTALS**  $ _____  $ _____

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

  ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 05/11-NYEP) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments
Case 1:09-cr-00587-ILG   Document 235   Filed 11/28/11   Page 7 of 14 PageID #: 1791

Judgment — Page 7 of 7

DEFENDANT: **DMITRIY YAKOVLEV**
CASE NUMBER: **09CR587(S-2)-01(ILG)**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $ **1,500** due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

**The defendant is to pay restitution in the amount of $432,050.74 made payable at a rate of $25 quarterly while incarcerated. Thereafter the defendant is to pay 10% of his gross monthly income when released.**

**IN ADDITION, SEE ATTACHED ORDER OF FORFEITURE.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Case 1:09-cr-00587-ILG Document 235 Filed 11/28/11 Page 8 of 14 PageID #: 1792
Case 1:09-cr-00587-ILG Document 232 Filed 09/15/11 Page 1 of 7 PageID #: 1725
Case 1:09-cr-00587-ILG Document 218-1 Filed 09/09/11 Page 1 of 7 PageID #: 1674

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

DMITRIY YAKOVLEV,
    Also known as
    "Dmitri Yakovlev,"
    "Dimitri Yakovlev" and
    "Dimitriy Yakovlev,"

                 Defendant.

- - - - - - - - - - - - - - - - -X

PRELIMINARY ORDER OF FORFEITURE

09-CR-0587 (S-2)(ILG)

        WHEREAS, on March 3, 2011, the defendant, DMITRIY YAKOVLEV, was convicted of, among other offenses, violations of 18 U.S.C. §§ 1028, 1029, 1349, and 1344;

        WHEREAS, the defendant waived his right, if any, to have a jury determine his forfeiture liability and consented to have his forfeiture liability determined by the Court;

        WHEREAS, pursuant to Fed R. Crim. P. 32.2(b)(1)(A), the Court finds that the defendant must forfeit the amount of four hundred twenty-three thousand and fifty dollars, and seventy-four cents ($423,050.74) in United States currency, and that a money judgment in that amount shall be imposed against the defendant (the "Forfeiture Money Judgment") pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(A), 982(a)(2)(B), and 28 U.S.C. § 2461(c), as property which constitutes or is derived from proceeds traceable directly or indirectly to his violations

Case 1:09-cr-00587-ILG Document 235 Filed 11/28/11 Page 9 of 14 PageID #: 1793
Case 1:09-cr-00587-ILG Document 232 Filed 09/15/11 Page 2 of 7 PageID #: 1726
Case 1:09-cr-00587-ILG Document 218-1 Filed 09/09/11 Page 2 of 7 PageID #: 1675

2

of 18 U.S.C. §§ 1028, 1029, 1349, and 1344, and/or as substitute assets, pursuant to 21 U.S.C. § 853(p);

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(A), 982(a)(2)(B), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p).

2. Pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(A), 982(a)(2)(B), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p), the defendant shall forfeit all of his right, title and interest in the following assets seized from him at the time of his arrest (the "Seized Assets"), up to the amount of the Forfeiture Money Judgment:

> (a) Gents Franck Mueller 18K rose gold "Master (of complications) Banker" watch, model #5850, serial #640, hand engraved "DIMITRIY YAKOVLEV 07";
>
> (b) Gents Franck Mueller stainless steel w/leather band "HSC Conquistador" watch, model # Cortez 10000, serial #1495, case, dial, bezel all aftermarket diamonds;
>
> (c) Ladies 18K white gold "Apella" watch w/diamond bezel and mother of pearl dial, model #AG-829-3101, serial #PZ52084;
>
> (d) Gents 18K white gold "Patek Philipe" w/black leather strap, (discontinued) model #3944J, serial #40108633944, engraved "N.Y. Driumputo, om, gtyzeu, 8.25.05";
>
> (e) Ladies 18K white gold mini "Apella" watch w/diamond bezel and mother of pearl dial, model-Dress Edition serial #S-0381;

Case 1:09-cr-00587-ILG Document 235 Filed 11/28/11 Page 10 of 14 PageID #: 1794
Case 1:09-cr-00587-ILG Document 232 Filed 09/15/11 Page 3 of 7 PageID #: 1727
Case 1:09-cr-00587-ILG Document 218-1 Filed 09/09/11 Page 3 of 7 PageID #: 1676

3

(f) Gents Franck Mueller stainless steel w/leather band "King Conquistador" watch, model #10000 K CC, serial #378;

(g) Gents 18K gold Jeager LeCoultre "Reverso Squadra Master Control 1000 Hours", model #230.2.45, serial #2544040;

(h) Cartier "Pasha" 38mm 18K yellow gold and stainless steel with black leather band Chronograph Quartz watch, discontinued model, serial #cc237258;

(i) Gents 18K gold Girard Perregaux "Vintage 1945" watch, silver dial, reference #25975-0-S2-6056, serial #No: 62;

(j) Gents Cartier 18K yellow gold "Tank American" watch, model #W2603556, serial #565452CE after market diamond bezel;

(k) Gents Omega 14K yellow gold and stainless steel "Seamaster" watch, model #2296.80.00, serial #60222006; and

(l) One check in the amount of ten thousand dollars ($10,000);

3. All payments made by the defendant toward the Forfeiture Money Judgment shall be made by certified or bank checks, payable to the "United States Marshals Service." The defendant shall cause said checks to be sent by overnight mail to Special Assistant United States Attorney Karen Hennigan, 271 Cadman Plaza East, Brooklyn, New York 11201, with the criminal docket number noted on the face of the checks. The value of the Seized Assets, if forfeited, shall be credited towards the Forfeiture Money Judgment.

Case 1:09-cr-00587-ILG   Document 235   Filed 11/28/11   Page 11 of 14 PageID #: 1795
Case 1:09-cr-00587-ILG   Document 232   Filed 09/15/11   Page 4 of 7 PageID #: 1728
Case 1:09-cr-00587-ILG   Document 218-1   Filed 09/09/11   Page 4 of 7 PageID #: 1677

4

4.   If the defendant fails to pay the Forfeiture Money Judgment in full on or before the date of sentencing, the defendant shall forfeit any other property, real or personal, up to the amount of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedure Act, or any other applicable law.  Further, if the Forfeiture Money Judgment is not paid on or before the defendant's sentencing, interest shall accrue on any unpaid portion thereof at the judgment rate of interest from that date.

5.   The defendant shall fully assist the Government in effectuating the payment of the Forfeiture Money Judgment and the surrender and forfeiture of the Seized Assets to the United States.  The defendant shall take whatever steps are necessary to ensure that clear title thereto passes to the United States, including, but not limited to, the execution of any documents necessary to effectuate the surrender and forfeiture of the Seized Assets to the United States.  The defendant shall not file or interpose any claim or assist others to file or interpose any claim to any of the Seized Assets in any administrative or judicial proceeding.  The defendant shall not file or interpose any claim or assist others to file or interpose any claim to any property against which the Government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding.

Case 1:09-cr-00587-ILG   Document 235   Filed 11/28/11   Page 12 of 14 PageID #: 1796
Case 1:09-cr-00587-ILG   Document 232   Filed 09/15/11   Page 5 of 7 PageID #: 1729
Case 1:09-cr-00587-ILG   Document 218-1   Filed 09/09/11   Page 5 of 7 PageID #: 1678

5

6.  Upon entry of this Order, the United States Attorney General or his designee is authorized to seize the Seized Assets, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

7.  The United States shall publish notice of this Order, in accordance with the custom and practice in this district on the government website www.forfeiture.gov, and of its intent to dispose of the Seized Assets in such a manner as the Attorney General or his designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Seized Assets as a substitute for published notice as to those persons so notified.

8.  Any person, other than the defendant, asserting a legal interest in the Seized Assets may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to notice of the forfeiture of the Seized Assets must be signed by the petitioner under penalty of perjury

Case 1:09-cr-00587-ILG Document 235 Filed 11/28/11 Page 13 of 14 PageID #: 1797
Case 1:09-cr-00587-ILG Document 232 Filed 09/15/11 Page 6 of 7 PageID #: 1730
Case 1:09-cr-00587-ILG Document 218-1 Filed 09/09/11 Page 6 of 7 PageID #: 1679

6

and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

9. The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Preliminary Order.

10. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of his sentencing and shall be made part of the defendant's sentence and included in his judgment of conviction. If no third party files a timely claim, this Preliminary Order, together with Supplemental Preliminary Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the monies and properties forfeited herein shall be forfeited to the United States for disposition in accordance with law.

11. This Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

Case 1:09-cr-00587-ILG   Document 235   Filed 11/28/11   Page 14 of 14 PageID #: 1798
Case 1:09-cr-00587-ILG   Document 232   Filed 09/15/11   Page 7 of 7 PageID #: 1731
Case 1:09-cr-00587-ILG   Document 218-1   Filed 09/09/11   Page 7 of 7 PageID #: 1680

7

12. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order.

13. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Order to FSA Paralegal Yvette Ramos, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
       September 15, 2011

S/ILG

THE HONORABLE I. LEO GLASSER
UNITED STATES DISTRICT JUDGE